**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 19-23353-CIV-LOUIS

MONTEREY AT MALIBU BAY
CONDOMINIUM ASSOCIATION, INC.

    Plaintiff,

v.

EMPIRE INDEMNITY
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER GRANTING PARTIAL JUDGMENT ON THE PLEADINGS**

**THIS CAUSE** is before the Court upon Defendant Empire Indemnity Insurance Company's ("Defendant" or "Empire") Motion for Partial Judgment on the Pleadings to Limit Damages to Policy Limits (ECF No. 46), brought pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff Monterey at Malibu Bay Condominium Association, Inc. ("Plaintiff" or "Monterey") did not respond to Defendant's Motion or seek an extension of time to respond, and the deadline to do so has passed. The Court has carefully reviewed the Motion, the docket, and is otherwise duly advised in the premises. Upon consideration, and for the reasons addressed below, the Defendant's Motion is **GRANTED**.

**I.**    **BACKGROUND**

Plaintiff's Amended Complaint brings a single count against Defendant for breach of contract. The Amended Complaint alleges that Plaintiff entered into an insurance policy agreement (the "Policy") with Empire for coverage of Plaintiff's property located in Homestead, Florida (the "Property"). While insured under the Policy, Plaintiff alleges the Property was damaged by Hurricane Irma and that damage incurred was covered under the Policy. Plaintiff further asserts that it timely submitted an insurance claim to the Defendant (the "Subject Claim"). Defendant made only a partial payment on the Subject

Claim. Plaintiff alleges that by making only partial payment, Defendant breached the Policy and failed to fully indemnify Plaintiff for "the total amount of damages." ECF No. 1-2 at 3.

The Amended Complaint attaches the Policy as an exhibit. Under the Policy, coverage is limited at $24,347,500.00 (the "Policy Limits"). *See* ECF No. 1-2 at 18. Plaintiff did not allege in the Amended Complaint the amount of damages sought in its Claim, but Defendant avers that the Claim exceeds $33 million (ECF No. 1-6) (the "Proof of Loss Statement"). Defendant now seeks partial judgment on the pleadings as to the singular issue of whether Monterey can assert a claim against Empire for an amount in excess of the Policy Limits, when no bad faith claim has been alleged by Monterey. As noted, Plaintiff has failed to file opposition to the Motion.

## II.  LEGAL STANDARD

"Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Bank of Camilla v. St. Paul Mercury Ins. Co*., 531 F. App'x 993, 994 (11th Cir. 2013) (citation omitted). In determining whether a party is entitled to judgment on the pleadings, courts accept as true all material facts alleged in the non-moving party's pleading, and those facts are viewed in the light most favorable to the non-moving party. *See Hawthorne v. Mac Adjustment, lnc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

Judgment on the pleadings may be entered where a plaintiff's allegations are facially insufficient to support the claim for relief sought. *See, e.g.*, *Cannon v. City of West Palm Beach*, 250 F.3d 1299 (11th Cir. 2001). Partial judgment on the pleadings is appropriate where the relief sought by plaintiff exceeds that which is available under the claims as he has plead them. *See Lenhart v. Printing Indus. Ins. & Health Care Plan*, 818 F. Supp. 331, 331 (M.D. Fla. 1993).

## III.  DISCUSSION

Defendant's Motion contends that Monterey seeks indemnification for damages of

$33,923,330.73,[1] despite the Policy Limits of $24,347,500.00. Because Plaintiff has not alleged bad faith on part of the insurer, Defendant argues that Florida law does not recognize Plaintiff's Claim to the extent it exceeds the Policy limits.

Under Florida law, "[a]bsent a showing of bad faith, a judgment cannot be entered against an insurer in excess of its policy limits." *State Farm Mut. Auto. Ins. Co. v. Horkheimer*, 814 So. 2d 1069, 1071 (Fla. 4th DCA 2001). In this diversity action, this Court applies Florida law to Plaintiff's breach of contract claim, which limits Plaintiff's recovery to the Policy limits in the absence of a judicial finding of bad faith. *See e.g. Brown v. Nat'l Cas. Co.*, No. 09-61179-CIV, 2009 WL 10699610, at *1, n.1 (S.D. Fla. Oct. 5, 2009) (citing *State Farm Mut. Auto. Ins. Co. v. St. Godard*, 936 So. 2d 5, 9 (Fla. 4th DCA 2006). Plaintiff has raised no allegations amounting to bad faith: the Amended Complaint alleges that Defendant received notice of Plaintiff's loss, acknowledged coverage and even made a partial payment on the Subject Claim. Plaintiff contends that the denial in part of Plaintiff's Claim breached the contractual obligation to pay in full. Absent a claim for bad faith, Florida law will not support Plaintiff's demand for or judgment in excess of the policy limit.

Accordingly, Defendant's Motion (ECF No. 46) is **GRANTED**. Defendant is entitled to partial judgment on the pleadings: Plaintiff's judgment in this case, if any, may not exceed the Policy Limits.

**DONE AND ORDERED** in Chambers at Miami, Florida this 18th day of August, 2020.

_____
LAUREN F. LOUIS
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Proof of Loss Statement (ECF No. 1-6), from which the damage estimate of $33,923,330.73 is derived, does not appear to be part of the Amended Complaint. Rather, it was filed separately along with the Notice of Removal. However, whether this figure is part of the pleadings or not is of no moment. The determination to be made by the Court is not the amount of damages being sought by the Plaintiff, but the amount Plaintiff is entitled to seek based on the pleadings.