**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.: 1:19-cv-23353-LFL**

MONTEREY AT MALIBU BAY
CONDOMINIUM ASSOCIATION, INC.,

    Plaintiff,

v.

EMPIRE INDEMNITY INSURANCE
COMPANY,

    Defendant.
_____/

**PLAINTIFF'S MOTION FOR ENTRY OF ORDER VOLUNTARILY**
**DISMISSING ACTION WITHOUT PREJUDICE, OR**
**ALTERNATIVELY, MOTION TO ABATE ACTION**

COMES NOW the Plaintiff, Monterey at Malibu Bay Condominium Association, Inc., by and through undersigned counsel pursuant to Fed. R. Civ. P. 41(a)(2), and hereby files this Motion for Entry of Order Voluntarily Dismissing Action Without Prejudice, or Alternatively, Motion to Abate Action, and hereby states as follows in support thereof.

**OPERATIVE FACTS**

Due to no fault of the Plaintiff, for months on end the Plaintiff has incurred substantial prejudice as a direct and indirect consequence of an unrelated Florida Bar proceeding against its former counsel's Firm, the Strems Law Firm. *See* Exhibit A, which details the Florida Bar's emergency proceedings that secured an indefinite suspension of the managing partner on June 9, 2020.

That said and to no avail[1], from the very onset of being retained undersigned counsel attempted to confer with the Defendant's counsel in relation to whether the Defendant was agreeable to a voluntary dismissal without prejudice, or alternatively, an abatement of the action so that all interested parties would not be unduly burdened or prejudiced while the Plaintiff and its newly retained counsel were afforded a reasonable opportunity to consider all operative issues of fact and law that govern the Defendant's dispute over the scope, cause and value of a Hurricane Irma claim that the Defendant accepted coverage for by way of partial payments and partial denials in January of 2019. *See* composite Exhibit B and C, which includes the Defendant's coverage payments and the Plaintiff's competing estimate, respectively.

Although the referenced relief conferred upon was in significant form due to the Plaintiff's immediate obligations to this Court and the factual complexity associated with 30 condominium buildings that are estimated to have sustained approximately $34,000,000.00 in damages, the Defendant's pending coverage disclosures in relation to pre-suit claims were invariably intertwined with the issue of whether the Plaintiff needed to even pursue a breach of contract action.  More specifically, and as cited in verbatim form below, the Defendant had represented to this Court and the Plaintiff that it had accepted coverage, that certain damages presented by the Plaintiff on March 6, 2019 had to be evaluated by reinspection, and that until such time as the reinspection took place and a coverage decision was presented, a breach of contract action would be premature. Defendant states as its second affirmative defense as follows:

---

[1] At the time of a telephonic conferral on July 24, 2020, counsel for the Defendant advised that she needed to confer with her client and co-counsel. Without any further telephonic conferrals, the request was summarily denied and undersigned counsel was subsequently in this filing as a consequence of, inter alia,  a multitude of COVID related health issues that have directly impacted multiple lawyers (including the Firm's co-founding partner who because severely ill in the week that followed) at the Firm.

At the time of filing of this action, Empire's investigation of the claim remained ongoing and a final coverage determination had not yet been made. Specifically, on March 6, 2019, more than six months after Empire inspected the insured premises in connection with this claim, Monterey submitted a damage estimate in the amount of $34,410,280.73. Monterey's estimate included alleged areas of damage that were not previously claimed or reported by Monterey or its representatives. Monterey subsequently filed suit in connection with the subject claim on or about March 22, 2019 without first allowing Empire an opportunity to inspect these newly claimed areas of damage at Monterey's property. Indeed, to date, Monterey has continued to refuse to allow Empire to inspect these newly claimed areas of damage at Monterey's property. As a result, a coverage determination on these new categories of claimed damage has not yet been made. Accordingly, the instant action is not ripe and must be dismissed. Empire is therefore entitled to judgment on this basis.

[D.E. 6].

Also, Defendant previously expressed the same in a correspondence sent to Plaintiff on April 5, 2019, which stated in part as follows:

....

As to the Proof of Loss, Empire neither accepts nor rejects it and wishes to continue its investigation per the policy terms and conditions.  This letter outlines pending and current requests for information that are part of Empire's investigation.

**Empire has the right to inspect the scope of damage and repair cost claim as submitted by the Association's proof of loss and estimates contained within your email of March 6, 2019.  Before March 6, 2019, it had no knowledge of your client's claim and therefore had no opportunity to evaluate it.  It will take that opportunity now per the Policy's terms and conditions.**

...
*See* Exhibit D.

That said, and being that the Defendant had been recently afforded an unbridled opportunity to reinspect the at issue damages in February of 2020, it would be impossible for the Plaintiff or this Court to genuinely determine whether there was in fact a meaningful or genuine disagreement that necessitated the pursuit of the subject breach of contract action.  The Defendant's objection to the relief sought does not serve the interest of the Court, the parties, or

3

otherwise the fundamental principles presented Fed. R. Civ. P. 1, that being the equitable and efficient adjudication of a dispute on its merits. In other words, it would prove patently inequitable and inconsistent for the Defendant to oppose a voluntary dismissal without prejudice in relation to non-merit based defenses of non-compliance with policy conditions that it proclaimed had been reasonably requested and not complied with in advance of suit. Moreover, and until such time as the Defendant presents its coverage position in relation to damages that it proclaimed were supplemental in nature, it would prove disingenuous to proclaim prejudice.

Point in fact, and by way of the Plaintiff's written discovery requests, conferrals in advance of this filing or otherwise, the Defendant has refused to provide any specific, substantive or coherent disclosure in relation to any disagreements that it may have to the Plaintiff's estimate that is of entries fully detailed and delineated with thousands per building. Hence, and per the stated circumstances, the Plaintiff was forced to file the related Petition for Declaratory Relief on August 22, 2020. *See* exhibit E.

## **MEMORANDUM OF LAW**

This Court has broad discretion to grant a voluntary dismissal without prejudice. *McCants v. Ford Motor Co., Inc*., 781 F.2d 855, 857 (11th Cir. 1986) (allowing a court broad discretion to grant a voluntary dismissal under Rule 41(a)(2). "The crucial question to be determined is, would the defendant lose any substantial right by the dismissal." Being that the Defendant claimed that the supplemental damages were not ripe for this action, it would prove irreconcilably incredulous to draw an adverse conclusion. This especially so since the Defendant has enjoyed the benefit of a reinspection that it claimed was necessary to render a coverage decision in relation to supplemental damages, that if its legal defense was adjudicated as so, would by definition serve to be the subject matter of a non-merit based adjudication and a

separate legal action. *Soffer v. R.J. Reynolds Tobacco Co.*, 187 So. 3d 1219, 1228, (Fla. 2016); *Rural Int'l Bank Ltd. v. Key Fin. Inv. Grp. LLC*, 2018 U.S. Dist. LEXIS 153898, *6, (S.D. Fla. 2018). Hence, and aside from prejudicing the Defendant's sword and shield defense per policy conditions or other ancillary matters that were borne as a consequence of prior counsel, the rationale and wisdom behind the United States Supreme Court's rule which allows voluntary dismissal without prejudice is fully crystalized.

WHEREFORE, the Plaintiff, Monterey at Malibu Bay Condominium Association, Inc., respectfully requests the Court, pursuant to Fed. R. Civ. P. 41(a)(2), dismiss the instant action without prejudice, or alternatively, abates this action for a period of 30 days so that, amongst other things, the Defendant can render a coverage decision, that parties can confer in relation to all pending discovery disputes, and the parties can reach an agreement as to an amended scheduling order that avoids any prejudice associated with the circumstances presented.

## **LOCAL RULE 7.1(a)(3) CERTIFICATION**

Undersigned counsel, hereby certifies that to no avail, and pursuant to Local Rule 7.1(a)(3) he has made reasonable efforts to confer with defense counsel, which include, but are not limited to, a telephonic conferral on July 24, 2020 and related email correspondence exchanged by the parties on July 25, 2020, July 31, 2020 and August 18, 2020.

Dated: August 27, 2020

                                  Respectfully submitted,

                                  FONT & NELSON, PLLC
*Attorneys for Plaintiff*
200 S Andrews Avenue Suite 501
Fort Lauderdale, FL 33301
Tel: (954) 248-2920; Fax: (954) 248-2134
Primary E-mail: Pleadings@fontnelson.com

By:   /s/ *Jose. P. Font*
       **JOSE P. FONT, ESQ**.
       Florida Bar #: 0738719
       **SONYA P. RANDOLPH, ESQ.**
       Florida Bar # : 1007710

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 27, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

                                  By: /s/ *Jose. P. Font*
                                      **JOSE P. FONT, ESQ.**
                                      Florida Bar #: 0738719

**SERVICE LIST**

JASON M. CHODOS, ESQ.,
STEPHANIE H. CARLTON, ESQ.,
LIONEL F. RIVERA, ESQ.,
DANA B. KUCZYNSKI, ESQ.
**LITCHFIELD CAVO LLP**
600 Corporate Drive, Suite 600
Fort Lauderdale, Florida 33334
Tel.: (954) 689-3000
Fax: (954) 689-3001
Primary E-mail: chodos@litchfieldcavo.com
Carlton@litchfieldcavo.com
riveral@litchfieldcavo.com
kuczynski@litchfieldcavo.com
*Attorneys for Defendant, Empire Indemnity Insurance Company*

LAURA BESVINICK, ESQ.
**STROOCK & STROOCK & LAVAN, LLP**
200 S. Biscayne Boulevard, Suite 3100,
Miami, FL 33131
Telephone: (305) 358-9900
Facsimile: (305) 789-9302
*lbesvinick@stroock.com*
asantiesteban@stroock.com
emrodriguez@stroock.com
*Co-Counsel for Defendant, Empire Indemnity Insurance Company*

Warren Diener, Esq.
**THE DIENER FIRM, P.A.**
8751 W. Broward Blvd. Suite 404
Plantation, Florida 33324
Phone: 954-541-2117
Fax: 954-541-2195
*Warren@dienerfirm.com* *luciana@dienerfirm.com*
*Co-Counsel for Plaintiff, Monterey at Malibu Bay Condominium Association, Inc.*