**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 19-23353-CIV-LOUIS

MONTEREY AT MALIBU BAY
CONDOMINIUM ASSOCIATION, INC.

  Plaintiff,

v.

EMPIRE INDEMNITY
INSURANCE COMPANY,

  Defendant.
                    /

**ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL**
**WITHOUT PREJUDICE**

  **THIS CAUSE** is before the Court upon Plaintiff Monterey at Malibu Bay Condominium Association, Inc.'s ("Plaintiff" or "Monterey") Motion for Entry of Order Voluntarily Dismissing Action Without Prejudice (ECF No. 64). A hearing was held on this Motion on September 8, 2020, at which Defendant Empire Indemnity Insurance Company ("Defendant" or "Empire") was afforded the Opportunity to respond. Defendant filed its response within seven days of the hearing, and Plaintiff filed a reply. The Court has carefully reviewed the Motion, the docket, and is otherwise duly advised in the premises. Upon consideration, and for the reasons addressed below, the Plaintiff's Motion is **GRANTED**.

**I. BACKGROUND**

  Plaintiff first filed its Complaint, by and through its counsel Strems Law Firm, on March 22, 2019, in the Circuit Court of the Eleventh Judicial Circuit. Plaintiff filed an Amended Complaint on August 8, 2019, and the case was transferred to the Southern District of Florida shortly thereafter (ECF No. 1). Plaintiff's Amended Complaint brings a single count against

1

Defendant for breach of contract. The Amended Complaint alleges that Plaintiff entered into an insurance policy agreement (the "Policy") with Empire for coverage of Plaintiff's property located in Homestead, Florida (the "Property"). While insured under the Policy, Plaintiff alleges the Property was damaged by Hurricane Irma and that the damage incurred was covered under the Policy. Upon receiving an insurance claim from Plaintiff, Defendant made only a partial payment. Plaintiff alleges that by making only partial payment, Defendant breached the Policy and failed to fully indemnify Plaintiff for the total amount of damages (ECF No. 1-2 at 3).

On July 24, 2020, Plaintiff substituted its counsel. Plaintiff avers that it suffered substantial prejudice as a consequence of an unrelated Florida Bar proceeding against its former counsel's Firm, the Strems Law Firm, and thus needed to find new counsel (ECF No. 64 at 1). On August 28, 2020, Plaintiff, by and through its new counsel, filed the instant Motion.[1] In its Motion, Plaintiff avers that Defendant has yet to make certain coverage determinations based on Defendant's reinspection of the Property, which was ordered during the course of litigation at Defendant's request (ECF No. 22), and thus the breach of contract action is premature (ECF No. 64 at 2-4). In fact, in Defendant's Answer and Affirmative Defenses, Defendant argued that because a coverage determination on all claims of damage has not yet been made, "the instant action is not ripe and must be dismissed" (ECF No. 6 at 5-6).[2]

In response to Plaintiff's Motion, Defendant now avers that the action should not be dismissed. Specifically, Defendant claims that based on the late stage of the proceedings, and

---

[1] Plaintiff, through its new counsel, also filed a Petition for Declaratory Relief on August 22, 2020, which is related to the claims in the instant action (ECF No. 64-5; Case no. 1-20-cv-23506). Plaintiff avers that their reason for filing this separate action was because Defendant refused to provide any specific, substantive or coherent disclosure in relation to any disagreements that it may have to the Plaintiff's estimate (ECF No. 64 at 4).

[2] Defendant moved to withdraw this defense over a month after the instant Motion was filed, and an Amended Answer and Affirmative Defenses to the Amended Complaint was filed on October 11, 2020, which excludes this defense.

Plaintiff's bad faith actions, dismissal without prejudice would be improper (ECF No. 67). Defendant also contends that it would be prejudiced by such a dismissal because its April 2020 proposal for settlement would be void; Defendant would not be able to benefit from its work and investment in this litigation; and because it would have to incur the time and expense to recreate these efforts if a new litigation is filed.

## II.    DISCUSSION

Federal Rule of Civil Procedure Rule 41 governs the ability of a plaintiff to dismiss a case without prejudice. In circumstances where a defendant has not yet filed an answer or a motion for summary judgment, Rule 41 permits a plaintiff to dismiss a case without prejudice and without leave of court. However, "[o]nce an answer or a summary judgment motion has been filed, Rule 41(a)(2) permits a plaintiff to dismiss voluntarily an action only 'upon order of the court and upon such terms and conditions as the court deems proper.'" *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (citing FED. R. CIV. P. 41(a)(2)). Because Defendant in this case has filed an Answer to Plaintiff's Amended Complaint (ECF No. 6), Plaintiff may only voluntarily dismiss this action with court approval. Rule 41 provides, in relevant part, the process through which a plaintiff may voluntarily dismiss a case:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41(a)(2). "When plaintiffs seek court approval for voluntarily dismissing a case, district courts enjoy broad discretion because the purpose of Rule 41 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" *Ortiz v. N.H. Inc.*, No. 17-20169-CIV, 2017 WL 4286854, at *3 (S.D. Fla. Sept. 27,

3

2017) (citing *Alamance Industries, Inc. v. Filene's*, 291 F.2d 142, 146 (1st Cir. 1961)). Thus, district courts should bear in mind the interests of the defendant, which must be protected. *See id.*; *LeCompte v. Mr. Chip*, Inc., 528 F.2d 601, 604 (5th Cir. 1976).

"[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the *mere prospect of a subsequent lawsuit*, as a result." *McCants v. Ford Motor Co.*, Inc., 781 F.2d 855, 856-57 (11th Cir. 1986) (emphasis in original) (citing *LeCompte*, 528 F.2d at 604); *see also Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015) . "The crucial question to be determined is, [w]ould the defendant lose any substantial right by the dismissal." *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967). In answering that question, district courts must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *McCants*, 781 F.2d at 857. However, "it is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation." *Id.* (citing *Durham*, 385 F.2d at 368).

The first question that the Court must answer is whether Defendant will suffer clear legal prejudice if I grant Plaintiff's Motion. "In determining whether Defendant[] will suffer clear legal prejudice, 'the Court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence . . . in prosecuting the action, insufficient explanation for . . . a dismissal, and whether a motion for summary judgment has been filed by the defendant.'" *Ortiz*, 2017 WL 4286854, at *3 (citing *Peterson v. Comenity Capital Bank*, 2016 WL 3675457, at *1 (M.D. Fla. May 3, 2016)).

Here, the first two factors weigh in favor of Defendant because they have incurred considerable fees and expenses in defending this case, including the drafting of several motions

and responses after Plaintiff failed to comply with the Court's prior discovery orders.[3] Yet, I do not find that Defendant has suffered "clear legal prejudice" because the remaining factors weigh in favor of Plaintiff. *See Ortiz*, 2017 WL 4286854, at *4 (citing *Brown v. ITPE Health & Welfare Fund*, 2006 WL 2711511, at *3 (M.D. Ala. Sept. 21, 2006) ("The court finds that the arguments of Defendant, which are predicated upon its time and expenses incurred and Plaintiff's timing in moving for dismissal, do not constitute clear legal prejudice in light of . . . binding precedent"); *Berry v. General Star National Ins. Co.*, 190 F.R.D. 697 (M.D. Ala. 2000) ("[M]erely because some limited discovery has been done in this case does not mean that the Defendant will suffer plain prejudice, especially when arguments and evidence sought to be presented by the Defendant in this case can be used by the Defendant if the case is again filed by the Plaintiff.")).

Furthermore, this case is still at the discovery stage, and while Defendant's response to this Motion avers that Plaintiff has frustrated the discovery process by forcing Empire to file motions to compel and a motion for sanctions, Defendant has since withdrawn its motion for sanctions (ECF No. 81) and notwithstanding withdrawal of the sanctions motion, the Court recently declined to impose sanctions due, in part, to a lack of bad faith.[4] Moreover, the reason proffered for voluntarily dismissing this case is credible, and advance judicial economy in abating any action unless and until Plaintiff determines that Defendant's denial of coverage constitutes a breach of the policy.

The Court further believes that any actual prejudice resulting from dismissal laid forth by the Defendant could be cured by the imposition of certain conditions to granting Plaintiff's Motion.

---

[3] While the first factor appears to favor Defendant, the Court notes that Defendant has not provided specific evidence of the amount of time or resources expended to date, nor has it necessarily demonstrated that the work performed in this case would not be of benefit in a subsequent action.

[4] This finding that no sanctions are to be imposed on Plaintiff was announced *ore tenus* at the October 13, 2020 hearing on the Court's Order to Show Cause.

5

However, Defendant's proposed conditions go too far. "In ruling on motions for voluntary dismissals, the district court should impose only those conditions which will alleviate the harm caused to the defendant." *LeCompte*, 528 F.2d at 604–05 (emphasis added). The undersigned finds that Plaintiff's dismissal without prejudice must be contingent upon the payment of all taxable costs that Defendant incurred in defending this action should Plaintiff later refile this lawsuit. *See Potenberg*, 252 F.3d at 1259; *Versa Products, Inc.*, 387 F.3d at 1328; *Ortiz*, 2017 WL 4286854, at *5. The Court further finds that if Plaintiff refiles this action, it must also first pay for all reasonable attorneys' fees incurred by Defendant in defending this case. *See Brown*, 2006 WL 2711511, at *3; *Ortiz*, 2017 WL 4286854, at *5.

While taxable costs and attorney's fees are perhaps the two most common conditions that courts impose under Rule 41, "[t]he trial judge is not limited to conditions of payment of costs, expenses[,] and fees." *LeCompte*, 528 F.2d at 603. Rather, "[t]he dismissal may be conditioned upon the imposition of other terms designed to reduce inconvenience to the defendant." *Id*. (citations omitted). Therefore, the Court will also require that Plaintiff preserve all documents and other discovery requested in this suit, so that it may be utilized by Defendant if Plaintiff refiles this claim. *See Ortiz*, 2017 WL 4286854, at *5 (imposing the condition of complete preservation of all documents requested in Defendants' prior requests for production in granting plaintiff's motion for voluntary dismissal without prejudice).[5] The undersigned believes that the foregoing conditions offer enough protection to Defendant, and, at the same time, allows Plaintiff to renew this action should it decide to do so in the future.

---

[5] *See also* 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2366 (3d ed. 2008) (explaining that in addition to requiring the payment of costs, a court can condition voluntary dismissal on "the plaintiff['s] produc[ing] documents or agree[ing] to allow any discovery in the dismissed action to be used in the subsequent action or otherwise reduce the inconvenience to the defendant caused by the dismissed case").

### III.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of order Voluntarily Dismissing Action Without Prejudice (ECF No. 64) is **GRANTED**. Plaintiff is permitted to voluntarily dismiss its claim against Defendant without prejudice. However, if Plaintiff re-files this action at a later date, Plaintiff shall pay all taxable costs and attorneys' fees that Defendant incurred in defending this action. Plaintiff must also preserve all documents and other discovery requested in this suit, and if Plaintiff is to refile this action.

The action is now **CLOSED** and the case is **DISMISSED** without prejudice subject to the conditions set forth herein.

**DONE** and **ORDERED** in Miami, Florida this 15th day of October, 2020.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE